In The United States District Court for The Eastern District of Texas Beaumont Division

LARRY Donnell Gibbs

vs.

Jackson. ET AL

Cause No:
1:21 cv 484

## Amended Complaint

This is a Civil Action Authorized by 42 U.S.C. Section 1983 to Redress the deprivation, under Color of state law, of Rights Secured by the Constitution of the United States. Said Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3.) Plaintiff seeks declaratory Relief Pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiffs Claim for Injunctive Relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the federal Rules of Civil Procedure.

Plaintiff, Larry Donnell Gibbs, Is and was at all times Mentioned herein a Prisoner of the Texas Department of Criminal Justice Currently confined At Gib Lewis unit.

[1]

To The Honorable Court for the Eastern District of Texas:

Now Comes the Plaintiff who will Respectfully Show the Court the following:

RE:

[1]. Violation of duty and or Breach of duty Resulting in Serious Injury: wherefore Officer Jackson And Officer Moton both [Intentionally] and [deliberately] Both Ignored said duty. Wherefore Jackson simply Ignored his Post and Moton left Hers Unattended. wherefore both Officers had a duty and legal obligation to Render Aid. Not doing so is thereby a [breach of duty] which imposed Liability.

Pursuant To: Texas Department of Criminal Justice PD-22 Employee's Rules and Procedures:
Rule [Sic] clearly states: Correctional employee's Shall Not leave an Assigned duty Post until Properly Relieved.
[2]. Employee's Are Required to Remain Awake, Alert and Devote full attention to assigned duty Area Responsibity. All in which was intentionally and deliberately violated wherefore it's Reasonably foreseeable that doing such could Result in Serious Injury.

[3]. Cruel and unusual Punishment:
Subject to an unnessary and excessive use of force. And unnessary Wanton infliction of Pain wherefore Officers both intentionally and deliberately Caused Serious Physical Injury.

[4]. Life Intentionally Put in threat of Imminent danger of death and or Serious Physical Injury. wherefore T.D.C.J Intentionally Sent Plaintiff back to the Unit where he was [Nearly killed stab over Nine times] wherefore he was Put under OPI protection and ship. to another Unit.

[2]

DEFENDANTS.

Defendant: [Bryan Williams] was the Warden of Mark.W. Stiles Unit thereby was legally responsible for the operation of Stiles Unit and for the welfare of all the inmates in that prison.

Defendant: [Jackson] is and or was a full time Correction Officer of Texas Department of Criminal Justice who, at all times mentioned in this complaint, held a position with T.D.C.J assigned to unit unknown.

Defendant: [Moton] is and or was a Correction Officer of Texas Department of Criminal Justice who, at all times mentioned in this complaint, held a position with T.D.C.J assigned to Mark.W. Stiles unit.

Defendant: [Jared C. Oneal] is and or was a Correction Officer of Texas Department of Criminal Justice who at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Mark.W. Stiles.

Defendant: [Joe Thomas] is and or was a Correction Officer of Texas Department of Criminal Justice who at all times mentioned in this complaint, held a position with T.D.C.J assigned to Mark.W. Stiles.

Defendant: [John L. Ruffin Jr] is and or was a Correction Officer of Texas Department of Criminal Justice who at all times mentioned in this complaint held a position with T.D.C.J assigned to Stiles unit.

Each defendant is sued Individually and in [His or Her] Official Capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

[3]

FACTS OF CLAIM:

INCIDENT: [1].

Date: March 21, 2020; Location At Mark W Stiles unit Seven Building H-wing-1-section. Where Plaintiff was At His Job Assigned by Stiles unit Plaintiff was Attack.

[1]. Wherein Jackson Assigned to Picket duty Area Responsibility. Did in fact Refused to Allow Plaintiff to exit L-section. Wherefore Plaintiff Repeatedly beated on the window And door in Attemp To Alert Jackson of the fact He was in Imminent Danger of serious Physical Injury. Wherefore Jackson Had A duty And Legal obligation to Render Aid, which Jackson Ignored And or Refused. Cameras will show that Plaintiff Attemped Repeatedly To Get Jackson Attention to Alert him of the present danger to which Jackson deliberately ignored thereby Intentionally Placing Plaintiff in A dangerous situation where upon which Plaintiff was Repeatedly stab over Nine times subject to unnecessary And wanton infliction of Pain to which Plaintiff again Attemped to escape, As two Gang Members Attack. during which Jackson continued to ignore. Luckly Another Inmate stop the Attack thereby saving Plaintiff Life. Not once Did Jackson Attemp to Render Aid And or call A Superviser Not before. During or After the Assult. for Nearly 45 Jackson Never once Acknowledge 1-Section during which Plaintiff was And did lose A significant Amount of blood. Wherein Plaintiff [HGB] was later Noted to have drop to [5.1] which was and is dangerous Low.

Jackson Actions was A breach of duty Resulting in serious Injury, unsafe Conditions Wherefore delibrate indifference And Cruel And unusual Punishment

[4]

[2]. Likewise officer Moton Abandon duty Post was in fact A breach of duty. Resulting in unnecessary And wanton infliction of Pain. which could have been prevented:

Wherein Moton Deliberately And Intentionally Abandoned The D-space Her Assigned Duty Post Area Responsibility where An officer Are to Remain Present At All times when Inmates Are [out] of thier cells And or workers Are Present. Wherefore it was And is Reasonably, foreseeable that Abandoning said Post would Place Plaintiff And Inmates Alike In A Dangerous situation without Adequate Protection which Could Result in serious injury or death. To which Moton intentionally Ignored And did not Return to Assigned duty Post Area until Nearly 45 Minutes later. Where upon she then Notice that Plaintiff was cover in blood.

End Results Plaintiff was taken to outside Hospital for treatment. Upon Return to Unit Plaintiff was locked up under [LOPI] for Protection Due to the severely Attack

Plaintiff then filed An Grievance against the officers Name Herein. There After Plaintiff was then Retaliated Against by officers Assigned to Mark .w. Stiles unit.

[3.] Incident [2].
    Date: August, 25, 2020. Location 12, building-E-wing-43-cell Plaintiff was in fact Subject to unnecessary and excessive force Resulting in serious injury.

officer: Joe Thomas And officer: John L. Ruffin Jr both which were involved in A Prior unnecessary and excessive use of force in the Month of July 2020 wherein Another officer Last Name martin was later fire for in which Plaintiff did in fact file A Grievance on. wherefore there After Thomas And Ruffin with the Aid of Sergeant Jared C. oneal And three other unknown officers did in fact beat Plaintiff during Another unnecessary And

[5]

Excessive Use of force, to which sergeant oneal started thereafter he intentionally Gas Plaintiff while he was simply laying on the floor therefore no threat. Wherefore At the time Plaintiff was Asking for Medical Attention to which oneal denied. And Released chemical Agents on Plaintiff. Thereafter Oneal Left E-wing and Returned later with A five man team Dress in Riot Gear. Plaintiff was then Ask to submit to cuffs To which plaintiff Attemped to but was Attack beaten. And thereafter Hands and legs were Place in cuffs. After in which Officers continued to Attack Plaintiff Maliciously And sadistically to cause Harm which continued even after Officers dragged Plaintiff into [Cell 43] Where he was stomp and beaten by Thomas and Ruffin while they inform him that they were gonna get Away with it.

End Results Plaintiff was left inside his cell on the floor. Denied Access to have his medical needs Assess and treated. L.V.N Nurse Toby Richard Stood cellside but Made no Attemp to Attend to Plaintiff needs. Wherefore Plaintiff inform said Nurse that he was unable to Move his body And Had A severe headache. Which said Nurse Refused to Assess Stating that oneal would have to bring me to ten building. in which oneal Refused to do stating that your'll be okay As he laughed. and walked Away.

Hours Later Plaintiff was Awoken to An officer calling His name. As Nurses Arrived cellside And with security Hell took Plaintiff to the infirmary ten building. Where Lieutenant Patricia L. banks was called. When banks Arrived she Ask what happen in which Plaintiff explain. that After An Assult by inmates he inform duty sergeant Oneal stating that had he gave him An Excort it would have Never happen Wherefore he was [of I] Unit Transfer therefore suppose to have been excorted At All times. Plaintiff then inform oneal that he would file A complaint to which oneal threaten to inflict harm which led to the use of force.

[6]

After speaking with banks she inform Plaintiff that she would Report the incident she then call 12 building Sergeant. Jaren R. Dumas and ordered him to take pictures of Plaintiff Thereafter Plaintiff was transferred to An [outside] Hospital via [911] EMS.

Days Later on Date: August 30, 2020 Plaintiff was Discharge from the hospital and sent to Beto 1 infirmary Due to the significant of his injuries.
In which was noted As: Excessive Swelling, Traumatic Hematoma of the head that cause A breakthrough seizure which Resulted in Post-seizure paralysis.
In which Plaintiff is [still] Recovering from. Which is Nearly Impossible Due to Plaintiff severely Anemia Deficiency from the blood lost on 3-21-20 After the stabbing Attack. on seven building.

[4]. Incident [3.]

Date: September 3, 2021: A year and half After the Plaintiff was stab on Seven building by two Gang Members on Stiles unit. Plaintiff was intentionally Sent back to Stiles unit from Jester 3 unit. Where Plaintiff Informed Jester 3 that he was in fact nearly killed on Stiles unit and was place on [OPI] unit transfer therefore his Life would be In Imminent danger of serious physical injury if he were Sent back to Stiles unit. Jester 3 stated Huntsville Approved It so therefore your going to Stiles unit.

When Plaintiff Arrived at Stiles unit he then infored [ULC] likewise that his life would be in imminent danger there Again Plaintiff was ignored And told to Go to 12-building And on September 4, 2021 Plaintiff was Attack again by A Member of the same [Crip] Gang that stab him on 3-21-20. Plaintiff again Reported it to security threat Gourd Sergeant Clemente Espinoza Wherefore thereafter ESPINOZA stated that Plaintiff

[7]

Never should have been sent to stiles unit again after what happen back on 3-21-20. Espinoza then inform Plaintiff that he would file Another [OPI] and have him transfered to Another unit. Said complaint was never file by Espinoza instead Plaintiff listed enemie who in which was the one that stab Plaintiff was transfered to Another unit on 9-4-21 Day of the Assult.
then thereafter the following day 9-5-21 Major: David Turrubiate Contacted Warden C. Norsworthy and inform Him of the incident At hand. wherefore Norsworthy then ordered that an [emergency transfer] be done immediatly. And thereafter Plaintiff was transfered to Gib Lewis unit. Due to imminent danger to which Plaintiff had inform Jester,3 Unit of and stiles unit before hand in which he file on.

End Results Plaintiff was put in [imminent danger] three times.

[5] LEGAL Claims

Plaintiff Larry Donnell Gibbs:
was subject to Cruel and Unusual Punishment, [beaten, Deliberate indifference to Medical Needs After A use of Force, Intentionally place in a unsafe Condition thereafter Breach of duty Resulting in Serious injury. And Unnecessary Wanton Infliction of Pain
which violated Plaintiff Rights Constituted under the Federal Constitution's eighth and fourteenth Amendment.
wherefore Plaintiff Has no Plan, adequate or Complete Remedy at Law to Redress the wrongs described Herein. Plaintiff Has been and will Continue to be Irreparably injured by the Conduct of the defendants unless this Court Grants the declaratory and indunctive Relief which Plaintiff seeks.

## PRAYER FOR RELIEF WHEREFORE

Plaintiff Respectfully Prays that this Court enter Judgment granting Plaintiff:

[1]. A Declaration that the Acts and omissions Described Herein violated Plaintiff's Rights under the Consitution and Laws of the united states.

[2]. A Preliminary and Permanent injunction ordering that Plaintiff not be sent back to Mark W. Stiles unit for fear of Imminent danger of Serious Physical injury Again.

[3.] Compensatory damages in the Amount of 50,000 dollars Against each defendant.

[4] Punitive damages in the Amount of 50,000 dollars against each defendants.

[5]. A Jury trial on all Issues triable by Jury.

[6]. Plaintiff's cost in this suit.

[7]. Any additional Relief this Court deems Just, Proper, and equitable. Dated: December 6, 2021

[8]. Respectfully submitted.

VERIFICation:

I Hereby verify that the forgoing Matters Alleged Herein are true. I certify under Penalty of Perjury that the forgoing is true and Correct.
Executed at Gib Lewis unit Woodville, Texas, 75990 on Date, December 6, 2021

Larry Gibbs

[9]



LaRRy Donnell Gibbs # 2066645
Gib Lewis unit
777. f.m. 3497
Woodville Texas. 75990

CLERK of U.S District Court
Eastern District of Texas
800 Willow Street. Room. 104
Beaumont, Texas. 77701 - 2217

CLERK U.S. DISTRICT COURT
RECEIVED
DEC 10 2021
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

1:21 CV484
Legal mail