IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY DONNELL GIBBS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv484 |
| UNKNOWN JACKSON, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Larry Donnell Gibbs, an inmate formerly confined at the Stiles Unit, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Discussion

Plaintiff paid the filing fee in the above-styled action. Accordingly, on November 2, 2022, the magistrate judge ordered the Clerk to deliver summonses to plaintiff so he could serve the defendants in accordance with FED. R. CIV. P. 4.

Plaintiff filed two motions requesting the United States Marshal serve the summonses on the defendants. Plaintiff's motions were denied on January 26, 2022, and plaintiff was advised he remained responsible for service of process on the defendants.

Plaintiff subsequently filed a motion for extension of time to serve the defendants. On March 30, 2022, the magistrate judge granted plaintiff's order for extension of time, in part, and provided plaintiff an additional fifteen days in which to serve the defendants.

On April 12, 2022, plaintiff filed a motion for reconsideration of the order denying his request for service by the United States Marshal. On April 18, 2022, the court denied plaintiff's motion for reconsideration as well as a motion to proceed *in forma pauperis*.

Based on plaintiff's failure to serve the defendants in accordance with Rule 4(m), the magistrate judge entered a Report recommending dismissal of the action. Plaintiff filed objections to the Report in which he asked the court to effect service. Plaintiff's objections were liberally interpreted as a motion for extension of time and, on June 24, 2022, plaintiff was granted an additional twenty days in which to serve the defendants. Plaintiff was notified that failure to effect

service within twenty days from the date of the order may result in the dismissal of the above-styled action.

On July 20, 2022, plaintiff filed a motion for court-ordered service. Plaintiff's motion was denied on July 26, 2022, and plaintiff was provided an additional twenty days in which to serve the defendants.

On August 5, 2022, plaintiff filed a motion for reconsideration of the order denying court-ordered service. Plaintiff argues he lacks both the legal knowledge and the means to effect service. Plaintiff states, however, that a friend paid the Marshal's office to serve the defendants at the prison, but the attempted service was not effected because the defendants are no longer employed at the prison. Plaintiff acknowledges the defendants are no longer employed at the Stiles Unit and believes they were fired. Plaintiff states he has no addresses at which the defendants may be served.

Analysis

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Plaintiff has had more than ten months in which to serve the defendants in this action. Despite multiple extensions of time in which to accomplish service and warnings that his failure to serve the defendants may result in the dismissal of this action, plaintiff has failed to effect service in accordance with the applicable rules. Further, plaintiff has failed to show good cause for not serving the defendants.

Even assuming, *arguendo*, that the court granted plaintiff *in forma pauperis* status, plaintiff has not provided any valid current addresses at which the court could order the Marshal to serve any of the defendants. Plaintiff argues that, as a prisoner, he is not allowed to obtain the home addresses of the defendants. As the magistrate judge previously observed, and as plaintiff concedes, the

defendants are no longer employees of the prison system. Accordingly, the addresses of the defendants are no longer protected information, but are accessible public information like the address of any other citizen. Plaintiff has neither alleged nor demonstrated that he or anyone associated with him has employed any attempt to locate the officers by readily-accessible public information. Thus, plaintiff's motion for reconsideration is without merit and is denied.

While plaintiff contends he lacks the legal knowledge or means to effect service, *pro se* status does not excuse a litigant's failure to effect service. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Additionally, plaintiff states he did, in fact, secure the funds necessary to serve the defendants, but the attempted service was unsuccessful because plaintiff did not provide the server with a current address for the defendants. Furthermore, the dismissal is mandatory absent a showing of good cause. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990). Plaintiff has failed to show good cause for failing to effect service despite having more than ten months in which to do so. As a result, plaintiff's claims must be dismissed without prejudice pursuant to Rule 4. It is therefore

ORDERED that the above-styled action is DISMISSED without prejudice pursuant to FED R. CIV. P. 4. A final judgment will be entered in this case in accordance with this opinion.

**SIGNED this 12th day of September, 2022.**

Michael J. Truncale
United States District Judge